**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MDS AERO SUPPORT | : | |
| CORPORATION, | : | **Case No.  3:12-cv-141** |
| | : | |
| Plaintiff, | : | **District Judge Thomas M. Rose** |
| | : | **Magistrate Judge Michael J. Newman** |
| v. | : | |
| | : | **PROTECTIVE ORDER** |
| SYTRONICS, INC., | : | |
| | : | |
| Defendant. | : | |

---

Upon application of the parties and for good cause shown, the Court hereby enters the following Protective Order pursuant to Rule 26(c), Federal Rules of Civil Procedure, as follows:

1.     Any document (as the term is defined in Fed. R. Civ. P. 34), electronically stored information ("ESI"), interrogatory answer, deposition testimony, or other information, or any portion thereof, produced through formal or informal pretrial discovery in the above-captioned litigation may be designated as described below by the party producing it if such party reasonably believes that such material constitutes or contains confidential business information, confidential financial information, trade secrets, or other sensitive commercial information of a party or of any other person, and is entitled to protection.  Public records and other information or documents that are publicly available may not be designated as "Confidential."

2.     Material designated for protection under this Protective Order ("Protected Material") shall be marked by the party producing it as "CONFIDENTIAL."  This language, or similar language, shall be placed clearly on each such page or portion of the Protected Material designated for protection in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL" designation, or, in the case of ESI, on any storage media (such as diskette or CD) on which a copy of the information is produced.  If copies of documents are not to be provided initially to the inspecting party, and the documents are to be produced for inspection, then the producing party may advise counsel inspecting the documents of their confidential status.  If copies are later made, they shall be marked as provided herein to indicate their confidential status.   The designation "CONFIDENTIAL" does not mean that the document or ESI has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.     Protected Material disclosed at any deposition occurring in this litigation may be designated by any party (i) by indicating on the record at the deposition that the testimony is Protected Material, or (ii) by notifying the other parties in writing, within thirty (30) days after receipt of the transcript, of the specific pages and lines of the transcript containing Protected Material.  All depositions shall be treated as containing Protected Material until thirty (30) days after a transcript of the deposition is received.  Any party may also designate information or exhibits disclosed at such deposition as Protected Material by notifying the other party in the

same manner.  The court reporter shall designate those portions of the deposition transcripts and exhibits which are considered to be Protected Material.

       4.     Protected Material may be disclosed only to the following persons, except upon the prior written consent of the producing party:

        a)     Outside attorneys for the Parties and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action;

        b)     In-house attorneys engaged in the conduct of this action and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action;

        c)     The officers, directors, members, and employees of the Parties or their parent, subsidiary, or affiliated entities to the extent necessary for the conduct of this action;

        d)     Bona fide consultants and experts, to the extent necessary for the conduct of this action;

        e)     The Court, court employees, and deposition and trial court reporters and/or recorders; and

        f)     Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

       5.     In depositions of any persons, other than those described in Paragraph 4(a – f) above, reasonable prior notice shall be given counsel for the producing party of any intention to use Protected Material at such deposition, except that no such notice need be given where such person was originally the author of or recipient of the Protected Material.  Upon providing such notice, the producing party may seek a protective order and where a protective order is sought the party seeking to use such material may not do so during the pendency of the motion for a protective order without either producing a party's written or transcribed consent, which shall not be unreasonably withheld, or a court order.  Once a party has used Protected Material at the deposition of any witness or in connection with sworn statements, the other party may use said material in its examination of the same witness or declarant or affiant without any further action.

       6.     Protected Material produced or exchanged in the course of the Litigation shall not be used for any purpose other than preparation for trial and trial of this action and any pre-trial or post-trial proceeding in this action.

       7.     Unless the disclosing party agrees otherwise, and with leave of Court and subject to local filing rules, any Protected Material filed with the Court shall be filed under seal and shall remain under seal until further Order of the Court.  Where possible, only portions of the filing with the Court constituting Protected Material shall be filed under seal.  The party filing any Protected Material shall be responsible for informing the Clerk of the Court that the filing should

be sealed and for placing the legend "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER" next to the caption.

8.     The inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by Evid. R. 501, but shall not be deemed as a waiver of the right to designate material as "CONFIDENTIAL." Any Party who discloses information to any other party during the course of discovery in this case without designating the information as Protected Material may subsequently elect to treat such disclosed information as Protected Material by notifying the receiving party or parties in writing of the disclosing party's election to so treat the disclosed information within five (5) business days of discovering the inadvertent omission and by providing new copies of the disclosed information properly marked or stamped as set forth herein. Upon the receipt of such notice, the receiving party shall treat the material identified in the notice as "CONFIDENTIAL" until (a) the Parties agree to non-confidential treatment of the subject material or (b) the Court, on motion of either party made within ten (10) day of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. Further, production of documents in order to expedite document exchange shall not constitute a waiver of a party's objection to later producing such documents or to redacting portions of such documents prior to production. The inadvertent production of documents subject to any applicable privilege or work product immunity shall not be a waiver of such privilege or immunity and any such documents shall be promptly returned by any receiving party upon written request from the producing party.

9.     A party shall not be obligated to challenge the propriety of a designation of Protected Material at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Any party may request in writing to the party who produced Protected Material that the designation be modified or withdrawn. If the designating party does not agree to redesignation within five (5) business days of receipt of the written request, the requesting party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the party who designated the Protected Material to show why its designation of information is proper. The document or information in question shall be treated as Protected Material until such a time as the issue is resolved by the Court.

10.     All persons classified under paragraph 4(d) to which Protected Material is disclosed in accordance with the terms of this Order shall execute a copy of the Acknowledgment attached to this Protective Order, acknowledging his or her agreement to be bound by its terms prior to any disclosure.

11.     The restrictions embodied in this Protective Order shall be binding upon the party to whom the Protected Material is produced unless and until that party shows that the Protected Material was or became public knowledge absent a breach of the restrictions of this Protective Order.

12.     If any party seeks discovery from a non-party to this case, the non-party may invoke the terms of this Protective Order with respect to any Protected Material provided to the Parties by advising the parties in writing and following the procedures set forth herein. The

-3-

restrictions embodied in this Protective Order shall be binding upon the party to whom such Protected Material is produced unless and until that party shows to the Court that the Protected Material was or became public knowledge absent a breach of the restrictions of this Agreement.

13.     This Protective Order shall not bar any attorney in the course of rendering advice to his or her client concerning this case from referring to or relying generally upon his or her examination of Protected Material; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Protected Material produced by another party or a non-party if that disclosure would be contrary to the terms of this Protective Order.

14.     Nothing in this Protective Order shall be construed as requiring disclosure of any material that counsel for a party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, the anticipation of litigation privilege, or any other applicable rule or law.

15.     Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials in the Litigation.

16.     This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

17.     The treatment accorded Protected Material under this Protective Order shall survive the termination of the Litigation.

18.     Within thirty (30) days upon termination of the litigation (including any appeals), each party shall either return all protected material produced by any other party to such producing party or, in the alternative, certify that all such protected material has been destroyed, including any copies thereof.

19.     Paragraph 7 of this Protective Order, and all the language contained herein, shall be read in conformance with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

IN WITNESS WHEREOF, the parties, by executing this Protective Order, agree to be bound by its terms and conditions.

**IT IS SO ORDERED.**

APPROVED:

Michael Newman
_____
Hon. Michael J. Newman
United States Magistrate Judge

-4-

AGREED:


DUNLEVEY, MAHAN & FURRY


By /s/ David M. Rickert
   David M. Rickert (0010483)
   110 North Main Street; Suite 1000
   Dayton, Ohio  45402
   Phone:  937-223-6003
   Fax:  937-223-8550
   Email:     dmr@dmfdayton.com
   *Attorneys for Defendant*


ROETZEL & ANDRESS


By /s/ Michael R. Traven
   Stephen D. Jones (018066)
   Michael R. Traven (0081158)
   PNC Plaza, Twelfth Floor
   155 East Broad Street
   Columbus, OH 43215
   Phone:  614-463-9770
   Fax:  614-463-9792
   Email:     sjones@ralaw.com
   mtraven@ralaw.com
   *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **MDS AERO SUPPORT** | : | |
| **CORPORATION,** | : | **Case No. 3:12-cv-141** |
| | : | |
| **Plaintiff,** | : | **District Judge Thomas M. Rose** |
| | : | **Magistrate Judge Michael J. Newman** |
| **v.** | : | |
| | : | **AGREED PROTECTIVE ORDER** |
| **SYTRONICS, INC.,** | : | **ACKNOWLEDGMENT** |
| | : | |
| **Defendant.** | : | |

_____

I, _____, having been retained by _____in connection with the above-captioned proceeding as an outside expert or consultant, hereby acknowledge that I may receive PROTECTED MATERIAL supplied by _____, as defined in the Agreed Protective Order entered in this case.

I certify that the PROTECTED MATERIAL provided to me is pursuant to the terms and restrictions of the Agreed Protective Order. I have been given a copy of the Agreed Protective Order and have read and understand my obligations under it. I hereby agree to be bound by the terms of the Agreed Protective Order. I understand that any and all PROTECTED MATERIAL that I receive shall not be disclosed to or discussed with anyone not similarly bound by the Agreed Protective Order.

At the conclusion of the Litigation, I will return all information and materials I receive to counsel of record by whom or on whose behalf I have been retained.

I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcement of the Agreed Protective Order and waive any and all objections to jurisdiction and venue for that purpose.

-1-

DATE: _____

Signature: _____

Printed:    _____